IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER LAZAR,                          : | No. 3:13cv973 |
|            **Plaintiff**    : | |
|                             : | (Judge Munley) |
|   v.                        : | |
|                             : | |
| CEDAR LAKE CAMP,                      : | |
| NEW JERSEY FEDERATION OF              : | |
| YMHA'S & YMHA'S d/b/a                 : | |
| CEDAR LAKE CAMP and                   : | |
| NEW JERSEY YMHA-YWHA                  : | |
| CAMPS, d/b/a CEDAR LAKE               : | |
| CAMP,                                 : | |
|            **Defendants**   : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court for disposition are the plaintiff's and defendants' motions in limine. The motions have been briefed and are ripe for disposition.

**Background**

This case involves personal injuries plaintiff received at Cedar Lake Camp in Milford, Pennsylvania. Plaintiff alleges that he spent a weekend at the camp in 2011. (Doc. 1, Compl. ¶ 15). While at the camp, he used a water slide that propelled riders into a lake. (Id. ¶ 16). Plaintiff became stuck on the slide. (Id. ¶ 18). An attendant instructed plaintiff to jump from a water slide into the lake. (Id. ¶ 22). The water under the slide was too

shallow for him to jump into safely, but he followed the lifeguard's instruction and jumped.  (Id. ¶¶ 24-25).  As a result, he suffered a broken ankle. (Id. ¶ 26).   Plaintiff then instituted the instant action.  He asserts that the defendants were negligent in their operation of the water slide.  (Id. ¶¶ 30-33).  He seeks to recover for damages he sustained as a result of the incident.

The case is scheduled for a pretrial conference on July 24, 2014.  In advance of the pretrial conference the parties have filed motions in limine.  The plaintiff's motion raises the following issues: 1) whether any reference to plaintiff's previous accidents or injuries should be precluded; 2) whether defendants should produce certain medical records; 3) whether medical records that are not timely produced in advance of trial and/or are not relevant to the subject injury should be precluded; 4) whether plaintiff's supplemental expert reports should be admitted into evidence.  Defendant filed a motion in limine to preclude plaintiff from offering certain testimony from his medical expert.

**Jurisdiction**

This court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  The plaintiff is a citizen of New York, and the

defendants are citizens of New Jersey.  (Doc. 1, Compl. ¶¶ 9-12). Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review - General admissibility**

As the motions in limine principally address evidentiary issues, we will first briefly explain rules of admissibility.  Generally, relevant evidence is admissible in a trial and irrelevant evidence is not admissible.  FED. R. EVID. 402.  "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  FED. R. EVID. 401.  Relevant evidence may be precluded, however, where "its probative worth is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  FED. R. EVID. 403.

**Discussion**

Both the plaintiff and defendant have filed motions in limine.  We will address them separately, beginning with the plaintiff's motions.

**I. Plaintiff's motions in limine**

    **A. Previous injuries**

Plaintiff's first motion in limine addresses the admissibility at trial of plaintiff's previous accidents, injuries, injury claim and recovery.  The background facts regarding this motion are as follows: Plaintiff filed an unrelated 'slip-and-fall' lawsuit in September 2008 and recovered $5,000; he had one other slip-and-fall incident which did not result in the filing of a lawsuit; he has been involved in three automobile accidents and in the early 1990s, he broke his left leg while playing softball.  (Doc. 30, Pl.'s Mot. In Limine at ¶ 13).  Defendant's liability expert witness, Charles J. Longacre, P.E., mentions these incidents in his expert report.  (Id.)  Plaintiff argues that these prior incidents have no bearing on Longacre's analysis and mention of them should be stricken from his expert report.  The information is not relevant and defendant seeks to use it for improper purposes, that is, to establish that plaintiff is prone to injury/accidents and that he is litigious.

Defendant argues that although plaintiff mainly complains of an ankle injury, also at issue in the instant case is injury to the plaintiff's right shoulder.  Plaintiff also injured his right shoulder as a result of the 2008 slip

and fall incident. Thus, that incident is relevant to the instant case. We agree with defendant. If plaintiff seeks to recover for injury to his right shoulder from the instant incident, evidence of the right shoulder injury is relevant. The evidence will be admissible, but it will be limited. The fact that plaintiff was injured in 2008, and the extent of those injuries, is admissible. However, plaintiff's lawsuit regarding the 2008 incident will not be admissible as it is not relevant to the instant claim.

The defendant does not specifically address the remainder of the issues, that is: one other slip-and-fall incident which did not result in the filing of a lawsuit; three automobile accidents from the early 1990s involving plaintiff, and plaintiff's broken leg suffered while playing softball. Accordingly, the motion to preclude evidence of these incidents will be granted as unopposed.

### B. Expert Medical Reports

The next issue raised by the plaintiff's motion in limine involves the introduction of medical records. It includes issues involving defendant's records as well as a supplemental report from plaintiff's medical expert. We will address each issues separately.

### 1. Defendant's records

First, plaintiff asserts that a review of the report filed by defense expert medical witness, Dr. John J. Stapleton, reveals that medical records were submitted to the defense medical expert that were not produced to the plaintiff in discovery. Plaintiff notified defense counsel of this matter, and defense counsel agreed to produce the medical records to plaintiff's counsel. (Doc. 30, Pl.'s Mot. In Limine ¶ 29). Plaintiff anticipates that this issue will be amicably resolved, and the court agrees that it should be. In fact, defendant indicates that all the medical records will be turned over to plaintiff before the pretrial conference. (Doc. 33, Def.'s Reply in Oppo. to Pl.'s Mot. In Limine, ¶¶ 28-31). The court will address this issue at the pretrial conference, however, if it has not been resolved.[1]

### 2. Plaintiff's supplemental expert witness report

In a related matter, plaintiff seeks to supplement his expert report in light of the medical records that have not yet been turned over by the defendant. We agree that plaintiff should be allowed to supplement his expert reports, if necessary, based upon the medical records that defendant turns over. Accordingly, this portion of plaintiff's motion in limine

---

[1] Plaintiff also seeks to preclude defendant from using at trial any medical records that have not been produced. This issue is best left for trial. Plaintiff may object if the defendant attempts to use medical records that it has not previously turned over to the plaintiff.

will be granted.

### C. Unrelated medical conditions

The third portion of plaintiff's motion in limine discusses medical conditions and treatment of the plaintiff that are unrelated to the accident. Plaintiff argues that evidence of such conditions and treatment should not be admitted at trial.

Plaintiff indicates that over the years he has suffered from many medical issues, including, *inter alia*, sinus problems, kidney stones, mitral valve prolapse, sarcoidosis, and episodic headaches. (Doc. 30, Pl.'s Mot. In Limine at ¶ 33). He asserts that these medical issues are unrelated to the ankle injury that is the subject of the current lawsuit. We agree that medical conditions unrelated to the ankle or shoulder injuries at issue are irrelevant, and they will be precluded.

### D. Plaintiff's Supplemental Expert Reports

Plaintiff has provided supplemental expert reports to the defendant. These reports were provided well after the deadline for expert reports set by the court. Plaintiff now argues that these reports should be allowed at trial despite any objection based upon timeliness that defendant may raise. We agree. These report merely seem to be supplements to original

7

reports.  We find no objectionable error on the part of the plaintiffs for obtaining supplemental reports after the deadline for expert reports passed.  The court set no deadline for the filing of supplemental expert reports, and trial is not scheduled yet and thus defendant will not be prejudiced by the supplemental reports.  This portion of plaintiff's motion in limine will, therefore, be granted.

**II.  Defendants' motion in limine**

Defendants have also filed a motion in limine.  Defendants challenge portions of the report and potential testimony of plaintiff's proposed expert witness Guy W. Fried, M.D. (hereinafter "Dr. Fried").  Plaintiff argues that Dr. Fried will provide proper expert witness testimony.  After a careful review, we agree with the defendant in part.

**Standard of review - Expert Witness Testimony**

Federal Rule of Evidence 702 provides that "a witness qualified as an expert by knowledge, skill, experience, training, or education" may provide opinion testimony "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."  FED. R. EVID. 702.  Courts have described the district

court's task in determining whether to admit expert testimony as a "gatekeeping" function.  The trial judge has "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharm., 509 U.S. 579, 597 (1993).  Thus, "[t]he objective of that requirement is to ensure the reliability and relevancy of expert testimony.  It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in a particular field." Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999).

Analysis under Rule 702 includes three factors:  "'(1) the proffered witness must be an expert, i.e., must be qualified; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge[, i.e., reliability]; and (3) the expert's testimony must assist the trier of fact[, i.e., fit].'" United States v. Schiff, 602 F.3d 152, 172 (3d Cir. 2010) (quoting Pineda v. Ford Motor Co., 520 F.3d 237, 244 (3d Cir. 2008)).  The trial court is granted leeway when it determines how to evaluate expert testimony before trial, just as it enjoys in an ultimate ruling on the case.  General Electric v. Joiner, 522 U.S. 136, 143 (1997).

A.  **Speculative Testimony**

In the instant case, plaintiff has retained Dr. Fried as a medical expert witness.  (See Def.'s Ex. A, Dr. Fried's Report (hereinafter "Fried Report")).  Dr. Fried's conclusions include: "Although [plaintiff's] injury has not affected his income due to the flexibility of his employer, if he were to lose his current employment, he may be less desirable to hire as a result of this injury." (Id. at 12).  Also he opines that plaintiff "may require future arthroscopic surgery and ankle replacement." Id.   Defendant argues that these opinions of Dr. Fried are totally speculative and irrelevant.  Additionally, they unduly prejudice the defendant and should be precluded from the trial.

Plaintiff contends that nothing speculative is found in Dr. Fried's report.  We agree with the plaintiff with regard to Dr. Fried's opinion about potential future surgery and ankle replacement.  Such potential future treatment is certainly within Dr. Fried's area of expertise and defendant can fully cross examine him on these findings and argue to the jury that such opinions should be given little weight.

**B. Vocational Testimony from Dr. Fried**

As noted above, Dr. Fried's report indicates that plaintiff may have

difficulty obtaining future employment due to his injury. Defendants claim that this evidence should be precluded because plaintiff makes no wage loss claim and Dr. Fried is not offered by plaintiff to render any vocational opinions. Plaintiff's position is that this evidence helps to establish his non-economic damages. Specifically, plaintiff has increased anxiety regarding losing his job, because if he does lose it, it will be more difficult to find another.

    We find this evidence too attenuated to be admissible. Currently, plaintiff is employed as a senior marketing director. (Fried Report at 10). His employment was not affected by his injury.[2] Further, the plaintiff has failed to indicate how his injuries affected his current job or how an injured ankle would substantially affect one's position if one is a senior marketing director. Further, evidence to support damages over anxiety about potentially losing his job and being unable to find one because of his limitations is much too attenuated to be allowed. Nothing indicates that plaintiff would seek a job that would entail excessive walking or heavy

---

    [2]Plaintiff's expert indicates that plaintiff attends retreats for work and has had difficulty zip lining and climbing tall ladders at these events. (Fried Report at 10). Plaintiff has pointed to nothing in the record to explain how a difficulty performing these tasks at work retreats negatively affects his work performance or employability.

11

lifting which would be affected by his physical limitations. We will, therefore, preclude as irrelevant evidence Dr. Fried's "vocational testimony" regarding the difficulty plaintiff would have in obtaining new employment if he should ever lose his current job and any anxiety such a potential causes.

**Conclusion**

For the reasons set forth above, we will deny in part and grant in part the parties' motions in limine. Plaintiff's motion in limine is granted with respect to preclusion of plaintiff's previous accidents, injuries, injury claim and recovery and they will not be admissible in the instant case except for the right shoulder injury. Defendants shall produce to plaintiff the medical records that they have agreed should be produced, and plaintiff may supplement his expert reports, if necessary, based upon these records. Evidence of medical conditions and treatment unrelated to the instant incident will not be admissible. The other supplemental expert reports that the parties dispute will not be precluded as untimely. Defendants' motion in limine will be denied with respect to Dr. Fried's testimony regarding future surgery, but it will be granted with regard to Dr. Fried's vocational testimony. An appropriate order follows.

**Date: July 23, 2014**               **s/ James M. Munley**
                                      **Judge James M. Munley**
                                      **United States District Court**